```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
CURTIS ODOM,                              :
                    Plaintiff,            :
                                          :    11 Civ. 152 (DLC)
          -v-                             :
                                          :    OPINION & ORDER
ROBERT DOAR, COMM'R, NEW YORK CITY HUMAN  :
RESOURCES ADMINISTRATION, and MATTYE      :
GANDEL, OFFICE OF COLECTIVE BARGAINING,   :
                    Defendants.           :
                                          :
-----------------------------------------X
```

Appearances:

For Plaintiff:
Curtis Odom, pro se
98 Eldert Street
Brooklyn, NY 11207

For Defendant Robert Doar:
James L. Hallman
Bruce Rosenbaum
Assistant Corporation Counsel of the City of New York
100 Church Street, Room 2-108
New York, NY 10007

For Defendant Mattye Gandel:
Gregg D. Weinstock
Garbarini & Scher, P.C.
432 Park Avenue South
New York, NY 10016

DENISE COTE, District Judge:

    Plaintiff Curtis Odom ("Odom"), proceeding pro se, brings this employment discrimination action against his former employer Robert Doar ("Doar"), the Commissioner of the New York City Human Resources Administration, and Mattye Gandel ("Gandel"), the arbitrator who oversaw the disciplinary proceedings against Odom.

1

Odom alleges that he was wrongfully fired when his subordinates filed false claims of sexual harassment against him in retaliation for his criticism of their performance.  Doar and Gandel have both moved to dismiss the complaint, arguing that Odom's claims are time barred and that Gandel is entitled to immunity from suit in her capacity as arbitrator.  For the following reasons, the motions to dismiss are granted.

BACKGROUND

The Complaint asserts three causes of action:  employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq.; employment discrimination in violation of the New York State Human Rights Law, N.Y. Exec. § 296; and employment discrimination in violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107.  The Complaint principally argues that Odom was wrongfully fired as a result of false claims that he sexually harassed his subordinates.

The following facts are taken from the Complaint and accompanying exhibits.  Odom worked as a New York City employee in various capacities over twenty-six years.  Beginning in 2004, Odom was employed as a Civil Service Supervisor II in the Adult Protective Services division of New York City's Human Resources Administration ("HRA").  Odom was known as a critical supervisor who held his caseworkers to a high standard of performance.

Three female employees filed claims of sexual harassment against Odom in 2005 and 2006.  In response to these allegations, the HRA imposed sanctions of discharge and two 30-day suspensions on Odom.  Odom was officially fired on October 22, 2007.  Pursuant to a collective bargaining agreement between Odom's union and HRA, Odom appealed the sanctions to an arbitrator, defendant Gandel.  After a series of hearings spanning the period from July 21, 2008, through January 13, 2010, Gandel affirmed the sanctions by an award of May 24, 2010 (the "Award").  In his opposition to the defendants' motions to dismiss, Odom alleges that the HRA "demonstrated gross negligence" in the handling of the arbitration proceedings and that Gandel was "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy."

Odom filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 31, 2010.  Odom noted in his filing with the EEOC that his female subordinates "made malicious accusations against me after me being critical of their work.  I am an African American male in an overwhelming female dominated office/line of work.  In this case, I was falsely accused and retaliated against by these women, especially since there were no witnesses."  The EEOC issued its determination on October 5, 2010; it found that it

lacked jurisdiction to review Odom's claims because he was fired more than 300 days before he filed his charge with the EEOC.

Odom filed his complaint on January 3, 2011.  The complaint seeks an order vacating the Award, reinstating Odom's job at HRA, and awarding all lost wages from the time he was fired to the present.  Gandel moved to dismiss on April 29.  Odom was given notice and an opportunity to amend his complaint by Order of May 6.  Doar moved to dismiss on May 6.  Odom chose not to amend his complaint and the motions were fully submitted on June 24.

## DISCUSSION

Doar argues that Odom's claims are barred by the statute of limitations and that Odom fails to state a claim under either Title VII or the state and city employment discrimination laws. Gandel contends that she enjoys immunity from suit for acts arising out of the performance of her job as arbitrator; that the request to vacate the Award is untimely and fails to allege proper grounds for vacatur; that Odom lacks standing to contest the Award; that there is no individual liability under Title VII; and that Gandel cannot be held liable for employment discrimination because she was not Odom's employer.

On a motion to dismiss the court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  LaFaro v. New York Cardiothoracic

Group, PLLC, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted). The court is "not bound to accept as true legal conclusions couched as factual allegations. Only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 475-76 (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009)).

I.  Employment Discrimination

For a Title VII claim arising in New York to be timely, a plaintiff must file the charge with the EEOC within 300 days of the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998). Although a hostile work environment claim is treated as a continuing violation and thus considered timely if one act contributing to the claim occurred within the 300-day period, discrete acts of discrimination such as termination that occur outside the limitations period are considered untimely. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 111-14 (2002). Both New York State and New York City employment discrimination claims are governed by a three-year statute of limitations. See N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d).

Odom's Title VII claim is untimely, as he was fired on October 22, 2007, more than 300 days before the filing of his

charge with the EEOC on August 31, 2010.  Odom has failed to allege any exceptional circumstances that would entitle him to equitable tolling of the statute of limitations.  See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003).  Odom's claims under the New York State and New York City employment discrimination laws are also untimely, as Odom was fired more than three years before he filed this lawsuit on January 3, 2011.  Accordingly, these claims are denied.

II.  Vacatur of Award

Despite Odom's assertion of employment discrimination claims, the Court will construe a pro se plaintiff's complaint liberally to raise the strongest claims, which in this case is a potential claim for vacatur of the Award.  See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  Odom argues that the arbitration proceedings were unfair and that the arbitrator refused to consider evidence relevant to the dispute.  This claim is also time barred, however, because under New York law, an application to vacate or modify an arbitrator's award must be commenced within ninety days of receipt of the arbitrator's determination.  N.Y. C.P.L.R. § 7511(a; see also Case v. Monroe Community College, 89 N.Y.2d 438, 441 (1997).  Here, the Award was entered on May 24, 2010, but Odom did not file suit until

January 3, 2011.  Accordingly, any claim for vacatur of the Award is denied as untimely.

## CONCLUSION

Gandel's April 29, 2011 motion to dismiss and Doar's May 6, 2011 motion to dismiss are granted.  The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:   New York, New York
         July 21, 2011

                                    _____
                                         DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Curtis Odom
98 Eldert Street
Brooklyn, NY 11207

Gregg Douglas Weinstock
William Goldman Scher
Garbarini & Scher, P.C.
432 Park Avenue South
New York, NY 10016

James Lamar Hallman
NYC Law Department
100 Church Street
New York, NY 10007